IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ANNETTE S. GOULEY,                          Civil No. 05-6091-AA
                                            OPINION AND ORDER
        Plaintiff,

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
```
---

Mark Manning
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

   Claimant, Annette Gouley, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain

1   - OPINION AND ORDER

judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Id. For the reasons set forth below, the defendant's motion to remand is denied, and the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for DIB on January 31, 2003, alleging disability as of July 2, 2002. Tr. 59. Her application was denied initially, and upon reconsideration. On August 10, 2004, a hearing was held before an Administrative Law Judge (ALJ). Tr. 454-473. On November 22, 2004, the ALJ ruled that plaintiff was not disabled. Tr. 16-25. The Appeals Council denied plaintiff's request for review, tr. 5-7, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481.

## STATEMENT OF THE FACTS

At the time of the ALJ's decision, plaintiff was forty-one years old. Tr. 25. She obtained a general equivalency diploma (GED). Tr. 91. Plaintiff has past relevant work experience as a grocery store clerk. Tr. 469.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2   - OPINION AND ORDER

Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude

3   - OPINION AND ORDER

substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 17, 24, Finding 2. See 20 C.F.R. § 404.1520(b). This finding is not in dispute. At Step Two, the ALJ found that plaintiff had the following severe impairments: migraines, residual effects of fusion at C4-5 and C6-7, and L5-S1 disc disease. Tr. 17, 24, Finding 3. See 20 C.F.R. § 404.1520(c). This finding is not in dispute. At Step Three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 17, 24, Finding 3. See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). This finding is not in dispute.

4   - OPINION AND ORDER

The ALJ next determined that plaintiff had the residual functional capacity to perform a reduced range of light work. Tr. 22-24, Finding 5. See 20 C.F.R. § 404.1567. This finding is in dispute. At Step Four, the ALJ found that plaintiff was not able to perform her past relevant work. Tr. 23-24, Finding 6. See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f). This finding is not in dispute. Finally, at Step Five, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy. Tr. 23-25, Findings 8-12. See 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g). This finding is in dispute.

Plaintiff alleges the ALJ erred when he failed to consider a Physical Residual Functional Capacity Questionnaire that was completed by plaintiff's physical therapist (PT) John Breuer on September 9, 2004, and submitted to the ALJ on September 13, 2004. Tr. 446-51. The defendant concedes that the ALJ failed to consider John Breuer's report and argues that this case should be remanded to allow the ALJ to evaluate Breuer's report.

Although PT Breuer is not an "acceptable medical source," the ALJ was required to consider this evidence and provide a reason germane to PT Breuer in order to disregard his opinion. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Although lay testimony cannot establish disability on its own, pursuant to the regulations, the ALJ must consider this testimony. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

PT Breuer opined that plaintiff could lift twenty pounds rarely and ten pounds occasionally. Tr. 449. Further, plaintiff could sit for two hours in an eight hour day and stand/walk for

5   - OPINION AND ORDER

two hours in an eight hour day. Id. PT Breuer stated plaintiff would need to change position at will and could sit for thirty minutes at a time and stand for thirty minutes at a time. Tr. 448-49. Plaintiff would also need to include periods of walking every fifteen minutes. Tr. 449. PT Breuer found plaintiff rarely able to look down, look up, hold her head in a static position, twist, stoop, crouch, and climb ladders. Tr. 450. Breuer wrote that plaintiff could occasionally turn her head right or left and climb stairs. Id. Additionally, PT Breuer found that plaintiff, in a eight-hour work day, could use her hands to grasp objects 50% of the day, use her fingers for fine manipulations 80% of the day, and reach her arms overhead 10-20% of the day. Id. Due to plaintiff's physical problems, Breuer stated that plaintiff would be absent from work more than four days per month. Id. Further, due to pain symptoms, Breuer indicated plaintiff would have frequent lapses of concentration that would interfere with even simple tasks throughout an eight hour work day. Tr. 448.

In further support of plaintiff's disability, plaintiff points to her migraine headaches which the ALJ found to be "severe." Tr. 17. The ALJ's residual functional capacity, however, failed to include any limitations related to migraine headaches. Tr. 22-23. Plaintiff's physicians concluded that plaintiff's migraines were related to plaintiff's neck impairment. Tr. 297-98, 323-24, 432-33. Plaintiff testified that she had migraine headaches approximately two to three times a week requiring her to lay down. Tr. 464. Plaintiff reported to her physician that the headaches normally lasted a few hours.

6   - OPINION AND ORDER

Tr. 323. Moreover, the headaches resulted in pain, nausea, and vision blurring. Id.

If plaintiff had migraines at a frequency of two to three times per week resulting in missed work for two hours per episode, the total amount of work missed per month would meet or exceed two days. The vocational expert testified that if a person missed more than one day per month, that person would not be able to maintain employment. Tr. 472.

Plaintiff next asserts that the ALJ's rejection of her credibility was in error. In rejecting a plaintiff's testimony, the Commissioner must perform a two-stage analysis. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, a plaintiff must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In addition, there must be no evidence of malingering. Plaintiff has produced objective evidence of an impairment that could produce some symptoms resulting in limitation of her physical capacity. Further, the ALJ found no evidence of malingering. Therefore, the analysis moves to the second stage, a credibility determination.

Under the second part of the analysis, the Commissioner must analyze the credibility of a plaintiff's testimony regarding the severity of her symptoms. The Commissioner can reject a plaintiff's symptom testimony only if she makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ discredited plaintiff's testimony because plaintiff's statements regarding her upper extremities were not

7 - OPINION AND ORDER

consistent with the medical records. The ALJ stated plaintiff did not have a diagnosed impairment that affected the use of her right arm. Defendant concedes that this finding is inaccurate. Plaintiff was diagnosed with a right shoulder subacromial impingement syndrome with AC joint arthritis and rotator cuff arthropathy. Tr. 225. Plaintiff received two steroid injections. After the second injection, plaintiff indicated the "symptoms had improved to some degree, although they are not completely relieved." Tr. 222.

The ALJ also found that plaintiff's statements regarding numbness in her right and left arms were inconsistent with the medical records. Tr. 22. The ALJ noted that plaintiff did not complain of problems in her upper extremities in August, September, or October 2002, but complained of problems in her upper extremities in March 2003. Id. Therefore, the ALJ found plaintiff's statements regarding her symptoms to be inconsistent. Id. The ALJ, however, failed to note that four months following plaintiff's complaints of numbness of her upper extremities, Dr. Parvin found plaintiff to have right carpal tunnel syndrome. Tr. 428-29. Therefore, plaintiff's complaint of numbness in her right arm could be found to have an objective basis. Plaintiff also indicated numbness in her left arm although the record did not indicate how often the left arm symptoms occurred. Tr. 441. Although the record did not contain a specific diagnosis regarding plaintiff's left arm, plaintiff's symptoms would not necessarily be inconsistent with plaintiff's diagnosed non-union of her cervical fusion. Tr. 423. The ALJ did note that Dr. Parvin warned plaintiff that the long-standing numbness would not

8   - OPINION AND ORDER

be relieved by cervical surgery. Tr. 22. Therefore, I find that plaintiff's statements regarding pain and numbness in her upper extremities were not inconsistent with the medical records.

The ALJ also found plaintiff's statements regarding her migraines were inconsistent with the medical records. Specifically, the ALJ noted that plaintiff reported to two physicians that acupuncture had diminished migraine pain for four or five days and had "helped a bit." Tr. 22. The ALJ stated, however, that plaintiff told her physical therapist that acupuncture had not been successful. Id.

The record reflects, however, that plaintiff told her physical therapist that acupuncture had actually relieved problems with dizziness. Tr. 348. The record does not reflect a statement by plaintiff to her physical therapist whether acupuncture had relieved migraine pain. Id. Plaintiff stated instead that acupuncture had failed to relieve symptoms in her neck and thoracic spine. Id. I find no inconsistency by plaintiff in her statements and complaints about migraines.

Finally, the ALJ also discredited plaintiff's testimony because on February 2, 2004, Dr. Kitchel stated plaintiff experienced little relief from conservative treatment, however, Dr. Parvin noted plaintiff was doing well on steroid treatment. Tr. 22. The record does not support discrediting plaintiff's testimony on this basis. On March 2, 2004, Dr. Kitchel noted that plaintiff was being treated conservatively for lower back pain without success and that the next step would be a lumbar discogram. Tr. 439. On March 7, 2004, following her appointment with Dr. Kitchel, plaintiff was given oral steroids for her lower

9   - OPINION AND ORDER

back symptoms. Tr. 412. On April 16, 2004, Dr. Parvin noted that plaintiff responded well to the oral steroids, and steroids would be used in the future if there was a recurrence of her symptoms. Tr. 420. I find no inconsistency in the doctor's statements and therefore no basis to find plaintiff's testimony not credible.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits. Defendant's motion to remand (doc. 22) is denied.

IT IS SO ORDERED.

Dated this  16  day of May 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge

10   - OPINION AND ORDER